*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

UNPUBLISHED
July 21, 2022

v

No. 349682
Berrien Circuit Court
LC No. 2018-016201-FC

ALAN MICHAEL ROSETTO,

        Defendant-Appellant.

Before: SAWYER, P.J., and LETICA and PATEL, JJ.

PER CURIAM.

Defendant was convicted by guilty plea of one count of third-degree criminal sexual conduct, MCL 750.520d(1)(a) (victim is at least 13 years of age and under 16 years of age) (CSC-III). He was sentenced to 35 to 180 months' imprisonment and required to register in accordance with the Sex Offenders Registration Act (SORA), MCL 28.721 *et seq*. Defendant appeals by leave granted,[1] and we affirm.

## I. BASIC FACTS AND PROCEDURAL HISTORY

This case arises from defendant's sexual penetration of his 13-year-old stepdaughter. Defendant was originally charged with two counts of first-degree criminal sexual conduct (CSC-I). Defendant waived his preliminary examination in district court because he decided to accept a plea offer. In accordance with the plea agreement, the first count of CSC-I was reduced to CSC-III, the second count of CSC-I was dismissed, and the prosecutor agreed not to supplement the information with the habitual offender enhancement. Before accepting defendant's waiver, the district court reviewed the original charges with defendant, including the mandatory lifetime electronic monitoring on each CSC-I offense, if convicted. Defendant responded that he understood. The district court next conducted the circuit court arraignment and plea on the CSC-

---

[1] *People v Rosetto*, unpublished order of the Court of Appeals, entered December 15, 2021 (Docket No. 349682).

III charge, but never mentioned SORA or any of its requirements as it related specifically to CSC-III.

At sentencing in January 2019, the circuit court noted that the minimum sentencing guidelines range was 21 to 35 months. The prosecutor urged the court to impose the maximum guideline sentence possible citing defendant's lack of responsibility for the crime, his blame of the victim, and his contention that his stepdaughter raped him. Indeed, in his allocution, defendant submitted that his physical injuries precluded him from engaging in sexual acts without assistance. Defendant relegated his role to merely being a "participant." The trial court noted that a minor between the ages of 13 and 16 could not consent, and defendant's characterization of his role as participant was inaccurate because he qualified as a "rapist" regardless of any physical disability. After sentencing defendant to 35 to 180 months' imprisonment, defense counsel noted that the registration requirement needed to be placed on the record. Although the trial court did not state it, the prosecutor mentioned that there was a lifetime requirement of compliance with SORA. Upon questioning by defense counsel, defendant confirmed that the probation department went over the SORA requirements and a written copy of the requirements was given to him.

Defendant appealed, claiming that his plea was constitutionally deficient because the district court did not inform defendant before he pleaded guilty to CSC-III that he would be required to register as a sex offender under SORA. This Court denied leave to appeal.[2] After the Supreme Court issued its opinion in *People v Betts*, 507 Mich 527; 968 NW2d 497 (2021),[3] it directed this Court to reconsider defendant's application in light of that holding. *People v Rosetto*, 508 Mich 948 (2021). This Court, in turn, granted leave to appeal.[4]

## II. ANALYSIS

Defendant contends that his case should be remanded to the trial court to allow him the opportunity, if desired, to seek withdrawal of his plea or an evidentiary hearing to determine whether defendant was aware of the SORA requirements associated with a CSC-III conviction before entering his plea. Because defendant did not seek to withdraw his guilty plea in accordance with MCR 6.310(D), we disagree.

As noted, defendant's application for leave to appeal was returned to this Court "for reconsideration in light of *Betts*." "When a case is remanded by an appellate court, proceedings on remand are limited to the scope of the remand order." *People v Canter*, 197 Mich App 550, 567; 496 NW2d 336 (1992). On remand, the lower court is empowered to take any action "as law

---

[2] *People v Rosetto*, unpublished order of the Court of Appeals, entered August 8, 2019 (Docket No. 349682).

[3] In *Betts*, 507 Mich at 548-549, 562, our Supreme Court concluded that although the Michigan Legislature likely intended SORA to be a civil regulation for public safety, the 2011 version of SORA in fact constitutes criminal punishment.

[4] *People v Rosetto*, unpublished order of the Court of Appeals, entered December 15, 2021 (Docket No. 349682).

-2-

and justice may require so long as it is not inconsistent with the judgment of the appellate court." *People v Fisher*, 449 Mich 441, 446-447; 537 NW2d 577 (1995) (citation and quotation omitted).[5] Thus, although the decision to grant the application was required to consider the *Betts* decision, once the application was granted, there was no qualification on our review or exemption from procedural compliance with the Michigan Court Rules.

MCR 6.310 address withdrawal of guilty pleas and preservation and provides, in pertinent part:

> (C) Motion to Withdraw Plea After Sentence.
>
> (1) The defendant may file a motion to withdraw the plea within the time for filing an application for leave to appeal under MCR 7.205(A)(2)(a) and (b)(*i*)-(*iii*).
>
> (2) Thereafter, the defendant may seek relief only in accordance with the procedure set forth in subchapter 6.500.
>
> (3) If the trial court determines that there was an error in the plea proceeding that would entitle the defendant to have the plea set aside, the court may give the advice or make the inquiries necessary to rectify the error and then give the defendant the opportunity to elect to allow the plea and sentence to stand or to withdraw the plea. If the defendant elects to allow the plea and sentence to stand, the additional advice given and inquiries made become part of the plea proceeding for the purposes of further proceedings, including appeals.
>
> (D) Preservation of Issues. A defendant convicted on the basis of a plea may not raise on appeal any claim of noncompliance with the requirements of the rules in this subchapter or any other claim that the plea was not an understanding, voluntary, or accurate one, unless the defendant has moved to withdraw the plea in the trial court, raising as a basis for withdrawal the claim sought to be raised on appeal.

When a defendant fails to file a motion to withdraw his plea in the circuit court in accordance with MCR 6.310(D), appellate review of the issue is precluded. *People v Armisted*, 295 Mich App 32, 48; 811 NW2d 47 (2011). Defendant did not file a motion to withdraw his plea in the circuit court, and therefore, no ruling on the sufficiency of the plea proceeding has been rendered in accordance with MCR 6.310(C)(3).[6] This Court serves as an error-correcting court functioning as a court of review principally charged with the duty of rectifying errors. *People v Gioglio (On Remand)*, 296 Mich App 12, 17; 815 NW2d 589 (2012), vacated in part on other grounds 493 Mich 864 (2012).

---

[5] Our Supreme Court did not simply direct that we consider the application "as on leave granted."

[6] We note that in the absence of a formal motion to withdraw defendant's plea and any affidavit in support, we are left with sparse record evidence regarding what defendant was advised of, by whom, and when. We decline to reach the merits of the issue and impose requirements upon the circuit court in the absence of a factual foundation and express requirements in the court rules.

In light of the failure to move to withdraw his plea, our appellate review is precluded.[7] MCR 6.310(D); *Armistead*, 295 Mich App at 48.

      Affirmed.


                                   /s/ David H. Sawyer
                                   /s/ Anica Letica
                                   /s/ Sima G. Patel

---

[7] Despite our determination that defendant did not comply with the procedure to challenge his plea in light of MCR 6.310(D), he is not without recourse. He may seek to withdraw his plea through a motion for relief from judgment, MCR 6.500, as directed by MCR 6.310(C)(2). See e.g., *People v Fonville*, 291 Mich App 363, 375-376; 804 NW2d 878 (2011).